# UNITED STATES DISTRICT COURT
# THE DISTRICT OF MARYLAND

JOSEPH THOMAS PATRICK,
*Prisoner Identification No. 273986,*

    Petitioner,

v.

RICHARD MILLER, *Warden*, and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND.

    Respondents.

Civil Action No. TDC-17-0199

## MEMORANDUM OPINION

Petitioner Joseph Thomas Patrick, an inmate confined at the Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 convictions in the Circuit Court for Prince George's County, Maryland for armed carjacking, kidnapping, robbery with a deadly weapon, and related offenses. In response to an order from the Court, Respondents filed a Limited Answer to the Petition, seeking dismissal of the Petition as time-barred. Patrick has filed a Reply to the Limited Answer. For the reasons set forth below, the Petition is denied and dismissed as time-barred.

## BACKGROUND

On January 23, 1998, a jury sitting in the Circuit Court for Prince George's County found Patrick guilty of armed carjacking, kidnapping, robbery with a deadly weapon, robbery, and use of a handgun during a crime of violence. On April 17, 1998, the court sentenced Patrick to a

total of 80 years of imprisonment. Patrick filed a motion for modification of sentence and an application for review of sentence, which were denied on July 28, 1998 and September 10, 1998, respectively.

On March 10, 1999, the Court of Special Appeals of Maryland affirmed Patrick's conviction. Patrick's petition for a writ of certiorari to the Court of Appeals of Maryland was denied on June 9, 1999. *See Patrick v. State*, 354 Md. 331 (1999). His petition for a writ of certiorari to the United States Supreme Court was denied on October 4, 1999. *See Patrick v. Maryland*, 528 U.S. 903 (1999).

For over four years after the conclusion of his direct appeal, Patrick took no action in his case. Then, on January 12, 2004, Patrick filed a motion to correct an illegal sentence. The motion was denied on April 16, 2004. On April 14, 2005, Patrick filed a petition for post-conviction relief in the Circuit Court for Prince George's County. After a hearing, the court denied the petition on March 7, 2006 but granted Patrick leave to file a motion for reconsideration of the sentence and an application for review of the sentence. On June 21, 2006, the Court of Special Appeals denied Patrick's application for leave to appeal the denial of his post-conviction petition.

On January 10, 2011, Patrick filed a motion to correct an illegal sentence. The motion was denied on June 13, 2011. The Court of Special Appeals of Maryland affirmed the decision on May 9, 2014.

On January 11, 2012, Patrick filed a petition for writ of actual innocence. The petition was denied on October 19, 2012. The ruling was affirmed by the Court of Special Appeals on May 9, 2014.

On November 24, 2014, Patrick filed a motion to reopen his post-conviction petition. The motion was denied on January 13, 2015. On February 9, 2015, Patrick filed another motion to reopen his post-conviction proceedings, which was denied on May 31, 2016. Patrick's application for leave to appeal was denied by the Court of Special Appeals on October 26, 2016.

On January 20, 2017, Patrick filed the present Petition in this Court. The petition is dated January 2, 2017 and will therefore be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (holding that a petition is deemed to have been filed on the date it was deposited with prison authorities for mailing under the "mailbox" rule.); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (citing *Houston*).

## DISCUSSION

In the Petition, Patrick claims that the trial judge erred by giving misleading instructions to the jury, that there was prosecutorial misconduct as a result of the introduction into evidence of a handgun that belonged to his co-defendant, and that he was subjected to ineffective assistance of counsel because his trial counsel failed to object to the handgun's entry into evidence. Respondents, however, argue that the Petition is time-barred.

### I. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *See* 28 U.S.C. § 2244(d) (2012). Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Patrick's convictions became final on October 4, 1999, when his petition for a writ of certiorari was denied by the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (stating that the conclusion of direct review occurs when the Supreme Court affirms a conviction on the merits or denies a petition for a writ of certiorari). Thus, the one-year limitations period began to run on October 5, 1999. Because there were no proceedings in state court during the following year that would have statutorily tolled the one-year limitations period under § 2244(d)(2), the limitations period expired on October 4, 2000. Indeed, Patrick did not file another post-judgment motion until January 12, 2004, over four years after his convictions became final. The Petition is statutorily time-barred. *See* 28 U.S.C. § 2244(d).

## II. Equitable Tolling

Patrick argues that even if the Petition is time-barred, the Court should apply the doctrine of equitable tolling to permit it to consider the Petition. Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88

4

(4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000).

In seeking equitable tolling, Patrick states that in April 2000, he was transferred to the Maryland Correctional Adjustment Center, known as "Super Max," because of an escape attempt. According to Patrick, two weeks after his transfer, he received his personal property and found that the transcript from his criminal case, along with a draft post-conviction petition, was missing. He speculates that the documents were destroyed or thrown away by correctional staff angered by institutional lockdowns arising from prison disturbances. Patrick contends that the lack of access to his trial transcript constituted an extraordinary circumstance, because without it he could not prepare and file a state post-conviction petition that would have tolled the deadline for filing his § 2254 Petition. He acknowledges that he had sent a copy of the transcript to family, but he states that he was unable to arrange for his sister to send it to him because his only form of communication was by mail, and his sister was busy caring for their mother who was ill and then passed away.

5

This episode does not warrant equitable tolling because Patrick cannot show that he diligently pursued his rights. Even with the identified obstacles, Patrick's failure to obtain the transcript from his sister or, if necessary, to request and receive another copy from the court for the almost four years between his transfer in April 2000 and his filing of a motion in January 2004 demonstrates a lack of diligence in protecting his rights. Indeed, Patrick did not actually file a state post-conviction petition until April 2005, five years after his transfer. Although Patrick also identifies a 2006 episode when correctional officers allegedly destroyed his paperwork, any such action would not justify waiting more than 10 more years, until 2017, to file his federal habeas Petition. Accordingly, Patrick has not established the extraordinary circumstances necessary for equitable tolling. *See, e.g., Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (finding that the petitioner's inability to obtain a transcript of the trial does not warrant equitable tolling).

Beyond the alleged inability to access his transcript for several years, Patrick's only other argument for equitable tolling is his assertion that the Court is "compel[led]" to review his "facially strong constitutional claim . . . regardless of procedural defaults." Pet. at 4, ECF No. 1. Such a "miscarriage of justice" claim does not warrant equitable tolling in this case. *See McQuiggin v. Perkins*, 569 U.S. 383, 396-97 (2013) (holding that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition). In order to show the type of "miscarriage of justice" that will excuse a procedural bar, a petitioner must "show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). "[T]enable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386. Here, Patrick has offered no credible claim, much less evidence, that he was actually innocent of the

crimes of which he was convicted. Accordingly, Patrick's Petition is time-barred under 28 U.S.C. § 2244(d) and must be dismissed and denied with prejudice.

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, Patrick must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Patrick's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Patrick may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir.

2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED and DISMISSED WITH PREJUDICE as time-barred. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

Date: May 23, 2018

THEODORE D. CHUANG
United States District Judge